UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                             :
    v.                       :   CRIMINAL NO. 1:12-CR-194-20
                             :
JAMES THOMPSON,              :   (Judge Caldwell)
    Defendant                :

*M E M O R A N D U M*

*I.    Introduction*

The pro se defendant, James Thompson, is incarcerated at the federal correctional institution at Fort Dix, New Jersey, pursuant to his conviction under 21 U.S.C. § 846, conspiracy to distribute cocaine. (Doc. 861, judgment). On September 16, 2014, we sentenced Defendant to 96 months' imprisonment. (Doc. 858). On August 16, 2017, Defendant filed a letter motion (Doc. 1271) requesting that the court either: (1) issue a *nunc pro tunc* order running his federal sentence concurrently with a later-imposed state parole violator sentence; or (2) revise his criminal judgment to run the sentences concurrently.

*II.   Background*

Defendant alleges the following. He was arrested on April 13, 2012, on a state parole violation warrant and placed in state custody. In November 2012, while he was still in state custody, federal authorities charged him in the instant case. On

September 16, 2014, he appeared in this court pursuant to a writ of ad prosequendum, was sentenced, and returned to state custody.

In November 2014, the state parole board ordered him to serve his state sentence until his release on January 28, 2016. In February 2016, Defendant was taken into federal custody.

When we sentenced Defendant, we did not impose the federal sentence to run concurrently with the yet-to-be-imposed sentence for the parole violator term. Defendant alleges the Bureau of Prisons (the BOP) has not interpreted in his favor our "silence" on whether the sentences should run concurrently. Alternatively, the BOP has not given him credit from the time he was charged with the federal offense until he was released into federal custody.

Accordingly, he requests that we issue a *nunc pro tunc* order running the sentences concurrently or a new criminal judgment accomplishing the same thing.

*III.    Discussion*

Federal courts have no inherent authority to modify a sentence at any time. See *Dillon v. United States*, 560 U.S. 817, 819, 130 S. Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'") (quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(nonprecedential) ("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.") (citing *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981)).

Defendant contends that federal courts do possess the inherent authority to modify a sentence so that a defendant's federal sentence can run concurrently with a state sentence not yet imposed. (Doc. 1271 at 1). In support, he cites *Setser v. United States*, 566 U.S. 231, 235-36 (2012). *Setser* is distinguishable. In *Setser*, the Supreme Court recognized that federal courts have discretion to run a defendant's federal sentence concurrently with a state sentence not yet imposed, but acknowledged that discretion in the context of sentencing in the original criminal proceedings, not at any time thereafter. *See United States v. Sharpe*, 554 F. App'x 123, 124 (3d Cir. 2014)(nonprecedential)("*Setser*, however, holds merely that district courts have such authority at the time of sentencing" and "does not address the limitation contained in § 3582 on district courts' authority to modify sentences thereafter").

Defendant is effectively challenging the execution of his sentence, so his claim is cognizable under 28 U.S.C. § 2241. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)(holding the proper vehicle for challenging an allegedly incorrect term of custody for a defendant currently in custody is a writ of habeas corpus pursuant to 28 U.S.C. § 2241). Accordingly, we will construe Defendant's letter motion as a petition under 28 U.S.C. § 2241.

The difficulty for Defendant is that while his claim is cognizable under § 2241, we do not have jurisdiction to entertain a 2241 petition. This is so because a court must have jurisdiction over a defendant's custodian in order to issue the writ. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)(holding that "the court issuing the writ [pursuant to §2241 must] have jurisdiction over the custodian")(quoting *Braden v. 30th*

*Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973).  Defendant's custodian in the instant case is the warden of the institution where he is confined.  *See Padilla*, 542 U.S. at 435 (citing 28 U.S.C. § 2243).  Accordingly, a defendant must file a § 2241 petition in the district with jurisdiction over his place of confinement.  *See Massaquoi v. Thomas*, 545 F. App'x 118, 119 n.1 (3d Cir. 2013)(nonprecedential).

Defendant is currently confined at FCI Fort Dix in New Jersey, which is within the jurisdiction of the United States District Court for the District of New Jersey.  Consequently, we do not have jurisdiction over Defendant's § 2241 petition.

We observe that Defendant might not have complied with the procedural requirements that must be satisfied before filing a § 2241 petition challenging the execution of his sentence.  Namely, defendants must first exhaust their administrative remedies within the BOP before seeking relief under § 2241.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.").

The BOP administrative remedy procedures prescribe a series of steps that a defendant must take when pursuing a claim against the BOP, including a claim that his federal sentence should have been run concurrent to his state sentence.  *See Tiffen v. USP-Lewisburg, Warden*, 589 F. App'x 609, 611 (3d Cir. 2014) (nonprecedential).  Specifically the process is set forth as follows:

> An inmate must submit an administrative remedy form to the prison Warden. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director. The inmate may then appeal to the Central Office of the Bureau of Prisons. Each step must be completed within a prescribed time.

4

*Id.*; 28 C.F.R. § 542. A defendant's failure to comply with the rules governing the BOP's administrative remedy procedures constitutes a procedural default. *Moscato*, 98 F.3d at 760. If such a default occurs and renders the BOP administrative process unavailable, review of a § 2241 petition is "barred absent a showing of cause and prejudice." *Id.* at 761.

In the instant case, beyond alleging that the BOP did not consider "the court's silence," Defendant does not demonstrate, or even mention, any attempt he might have made to avail himself of the BOP's administrative remedy procedures. (Doc. 1271 at 2). It is unclear whether Defendant has followed the appropriate administrative procedures, or, for that matter, whether Defendant has raised his concern with the BOP at all. Regardless, because we do not have jurisdiction over Defendant's petition, we will not reach the issue of exhaustion of administrative remedies.[1]

*IV. Conclusion*

Given that this court does not have jurisdiction over Defendant's place of confinement or his custodian, we do not have jurisdiction to entertain Defendant's § 2241 petition. Accordingly, we will dismiss Defendant's petition (Doc. 1271) without

---

[1] In a follow-up letter (Doc. 1273), filed on September 18, 2017, Defendant states that he "would like [the court] to state on my Judgment and [Commitment] Remarks is [sic] that my sentence is to be credit[ed] from the date of the indictment until sentencing." (*Id.*) He also asserts in this letter that he does not wish the letter to be "construed to be as a motion or petition." (*Id.*) We will not so construe the letter and therefore will not act upon it.

5

prejudice to Defendant's filing a § 2241 petition in the district of his confinement.  An appropriate order will issue.

                                         /s/ William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge

Date: October 5, 2017